## BEYER-KNOX COMPANY, Appellant, v. JOHN F. EWELL, Respondent.

**St. Louis Court of Appeals. Argued and Submitted February 9, 1910. Opinion Filed February 21, 1910.**

1. **APPELLATE PRACTICE: Replevin: Judgment: Failure to Confirm Plaintiff's Right of Possession: Harmless Error.** In an action of replevin to recover the possession of lumber and logs, where the jury found plaintiff was entitled to the possession of the lumber, without awarding him any damages for its detention, and defendant was entitled to the possession of the logs and that he was damaged by their taking in a certain sum, a judgment merely awarding defendant the damages assessed and costs will not, on plaintiff's appeal, be reversed for failing to confirm his right of possession of the lumber, such failure involving no substantial right of plaintiff

2. **JURISDICTION: Appellate Jurisdiction: Final Judgment: Based on Counterclaim: Defective Petition.** Where defendant set up a good cause of action against plaintiff on a counterclaim, and issue was joined thereon, and the verdict and judgment appealed from were principally on the counterclaim, and the judgment for defendant was a final judgment, the court on appeal had jurisdiction, though the petition did not state a cause of action.

3. **APPELLATE PRACTICE: Conclusiveness of Verdict.** A verdict supported by substantial evidence will not be disturbed on appeal.

4. **COSTS: Taxation of, Discretionary.** Where, in an action for the possession of lumber and logs, and damages for their detention, defendant answered by a general denial and a claim for damages for the taking by plaintiff, and the jury found that plaintiff was entitled to the possession of the lumber, and that defendant was entitled to the possession of the logs and to damages for their taking, the court did not err in assessing all the costs against plaintiff, though it might have divided them, the imposition of costs being to some extent a matter of discretion with the trial court.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Reeves & Hawkins* and *B. L. Guffy* for appellant.

(1) The material issues presented in the pleadings were the right to the possession of a certain lot of lumber and logs and the damages asked by both the plaintiff and the defendant. The judgment did not dispose of the issue as to plaintiff's damages, nor as to the right of either party to the possession of the lumber or logs, but only determined the issue as to the defendant's claim for damages. The judgment was therefore not responsive to the issues presented by the pleadings and was for that reason erroneous. R. S. 1899, sec. 4476; Caldwell v. Ryan, 210 Mo. 17; Schneider v. Patten, 175 Mo. 684; Martin v. Tobacco Co., 53 Mo. App. 655; Bothe v. Loy, 83 Mo. App. 601. (2) The verdict was for the plaintiff for the lumber, and for defendant for the logs and damages for the taking and detention thereof, but the judgment did not make any adjudication as to the rights of the parties to the lumber or the logs in accordance with the verdict, and was erroneous for that reason. The judgment did not follow the verdict. R. S. 1899, sec. 4476; Hackworth v. Zeitinger, 48 Mo. App. 32; Coleman v. Hicks, 158 Mo. 367. (3) This was a replevin suit and the verdict of the jury was for the plaintiff for a part of the property, yet the judgment was rendered against the plaintiff for the costs of suit. This was error. The judgment should have been against the defendant for the costs instead of against the plaintiff. R. S. 1899, sec. 1552; Lamm v. Railey, 127 Mo. App. 726; Hecht v. Heimann, 81 Mo. App. 370. (4) It is not necessary or proper in this case for the plaintiff to file a motion to retax the costs. It is only necessary to file such motion in cases where, after judgment, the clerk within the purview of the judgment improperly performs the ministerial function of taxing the costs. The costs in this case were specifically adjudged against the plaintiff and plaintiff's attack on the judgment in his motion in arrest

was sufficient to bring this error here for review. Mann v. Warner, 22 Mo. App. 577; Bosley v. Parle, 35 Mo. App. 232; Paul v. Machine Co., 87 Mo. App. 647; Winn v. Modern Woodmen of America, 123 S. W. 59; State ex rel. v. Railroad, 78 Mo. 575; State ex rel v. Railroad, 176 Mo. 443; Berberet v. Berberet, 136 Mo. 671; Jackson v. Railroad, 89 Mo. 104.

*Ward & Collins* for respondent.

REYNOLDS, P. J.—Action by plaintiff for the recovery of possession of certain lumber and logs valued at one thousand dollars, to which it claims the right of possession, and damages for their unlawful detention, laid at five hundred dollars. Under the writ issued in the case, possession of the property involved was taken from the defendant and turned over to plaintiff. In addition to a general denial, plaintiff set up in his answer a claim for damages for the taking, in the sum of two thousand, five hundred dollars.

The reply was a general denial.

The cause was submitted to the court and jury, and the latter returned a verdict which was embodied in the judgment entered in the case, the latter as follows, after the title of the cause.

"Comes now the parties by their respective attorneys, then comes the jury heretofore impanelled to try this cause, both again announce ready to proceed with this trial of this cause, and the further trial of this cause proceeds. And the jury having heard all the evidence, instructions of the court and argument of counsel retire to consider their verdict. And now on this same day comes the jury into open court and upon their oaths return the following verdict: 'We, the jury, find that at the time of the institution of this suit, the plaintiff was entitled to the possession of the oak lumber estimated at 25,800 feet sued for and that the same is of value of —— dollars and that for the taking and

detention the plaintiff is damaged in the sum of —— dollars. And we do further find that at the time of the institution of this suit the defendant was entitled to the possession of the oak logs sued for and the same is the value of —— dollars, and that the defendant has been damaged in the sum of $485.55. O. R. Cole,' which verdict is by the court ordered recorded. It is therefore considered and adjudged by the court that the defendant have and recover of and from the plaintiff the sum of $485.55, his damages as assessed by the jury, together with the costs of this suit and hereof have execution therefor."

In due time plaintiff filed motion for new trial as also in arrest, both of which were overruled, exceptions saved, and appeal duly prayed for and granted and perfected to this court.

Complaint is made by the appellant of the form of the judgment as not following the verdict; of the verdict as not disposing of the issues in the case so far as concerns plaintiff; of the verdict in favor of the defendant, as not warranted by the evidence, and of that part of the judgment taxing costs of the suit against the plaintiff. It must be admitted that the judgment is defective in form, in that it should have been entered awarding or confirming in plaintiff right of possession to the 25,800 feet of oak lumber. If we were to reverse and remand for this, it would have to be accompanied by direction to the court to enter up a proper judgment on the verdict, and would affect the case no further, so far as concerns plaintiff, than does the present judgment. We might even dismiss the appeal for lack of a final judgment on plaintiff's cause of action. The party who has some substantial claim to complain of the form of judgment is the defendant, as it might well be contended by him that the judgment is not of such character as to bar another action against him for the same cause. But defendant is not complaining nor appealing, and as no substantial right of the plain-

tiff is involved, we decline to consider this clerical error in the rendition of the judgment, for that is all it is in reality, as cause either for reversal or dismissal of the appeal as to that part of it, even assuming that we could split up a judgment. That judgment is appealable, however, on another aspect, which is this: It is suggested that the petition is defective in that it fails to set up a general or special title to the logs and lumber in plaintiff. That suggestion comes from the defendant, respondent here, and is met by appellant with the concession that the petition is defective, but that the respondent cannot raise the question in this court, he not having filed a motion for a new trial or in arrest of judgment and has not appealed. The answer of the respondent to this is that it has always been the rule in the appellate courts, even without a motion in arrest, to examine into the sufficiency of the petition. It is sufficient to say as to all this, that even if it is true that the petition does not state a good cause of action, the defendant below, respondent here, in and by his answer, has set up a good cause of action against the plaintiff on his counterclaim and issue was joined on that and the verdict and judgment appealed from are principally on that counterclaim, and that judgment for respondent is a final judgment on which an appeal can rest, and vests this court with jurisdiction over the appeal.

An examination of the testimony offered and introduced at the trial of the case, as exhibited in the somewhat voluminous abstract, satisfies us that the result arrived at in the trial court is substantially correct. It would serve no useful purpose to go over the testimony, the objections to it and the manifold arguments of counsel on the various questions which arose at the trial. We cannot see that they are questions, the determination of which would be important in the consideration of any other case, and unless that be so, we see no useful purpose to be subserved by ruling on

the propositions. We pass them by without any disparagement of the learning and industry displayed by counsel in their thorough discussion of the many questions presented by them. We find no error of the learned trial court in giving or refusing instructions or ruling on the admission of testimony materially affecting the plaintiff or to the manifest prejudice of its rights. It is the very common case of a dispute over the performance of a contract between the sawmill man and the lumberman, a class of cases that have been threshed out time out of mind—a case for a jury, its solution depending on the view the jury takes of the evidence. The jury had before it substantial evidence to find as they did; they are the arbitrators where the evidence is conflicting, and we see no reason to disturb their verdict.

The point made, that the costs should have been taxed against the defendant instead of against the plaintiff, is not well taken. The imposition of costs is to some extent a matter of discretion with the trial court, and while in this case it might have divided the costs under the verdict rendered, as it has seen proper to assess them against the plaintiff, we see no reason strong enough to warrant us in interfering with its action. The judgment of the circuit court is affirmed. All concur.